Opinion by
Mr. Chief Justice Day.
The record in this case discloses that following the death of Lily M. Sebben on April 28, 1960, Mabel K. Hamlin presented to the Denver county court for probate and record an instrument in writing dated March 5, 1960, purporting to be the last will and testament of said Lily M. Sebben, in which instrument Mabel K. Hamlin was named as executrix. This instrument was admitted to probate and record as the last will of decedent. Later plaintiff in error Edna A. Sporer, a cousin of decedent and named as one of the legatees and devisees in a will dated June 12, 1958, executed by Mrs. Sebben, filed a caveat to the 1960 will and prayed for *14 the probate and record of the instrument dated June 12, 1958, as a lost will. Her caveat alleged that the testatrix was' not of sound and disposing mind and memory when the 1960 will was executed and that it was procured by undue influence and duress. Issue was joined, Mrs. Hamlin alleging that the 1958 will was revoked by testatrix. Trial to a jury in the county court resulted in a verdict in favor of caveatrix. Accordingly the 1958 will was admitted to probate as a lost will and the 1960 will was denied probate. From the judgments so entered Mrs. Hamlin perfected an appeal to the district court, where the issues were tried de novo.
For reasons not appearing in the record the district court first heard the testimony offered by caveatrix to support the allegations of lack of testamentary capacity, undue influence and duress. At the close of the evidence presented by caveatrix the trial court dismissed the caveat, and then proceeded ex parte to hear the testimony of the proponent, Mrs. Hamlin, relating to execution of the 1960 will. Following this ex parte hearing the 1960 will was ordered admitted to probate and record. From the judgments so entered Mrs. Sporer, caveatrix, has sued out this writ of error.
The 1958 will named two principal legatees and devisees, to-wit: Elton Baker, a nephew, and Edna A. Sporer, the caveatrix, a cousin of decedent. The 1960 will named the nephew Elton Baker and Mabel K. Hamlin as principal legatees and devisees.
Urged for reversal are two points: 1. That caveatrix was entitled to have her case determined by a jury, and that the trial court erred in dismissing the caveat and taking the case from the jury; 2. that the trial court erred in refusing to admit in evidence Exhibit 1, being a carbon copy of the 1958 will.
We note at the outset that the record fails to disclose any undue influence or duress in connection with the will dated March 5, 1960.
Six.witnesses testified on behalf of caveatrix, in- *15 eluding a physician who attended Mrs. Sebben during her prolonged and last illness. It is sufficient to say that these witnesses made out a prima facie case of lack of testamentary capacity on the part of testatrix, sufficient to require the issues presented to be submitted to a jury.
The evidence disclosed that Mrs. Sebben was a woman more than eighty years of age, had been confined to her bed for several years, and, according to her physician, suffered from a combination of ailments including cancer. It was shown that late in 1959 and thereafter she was disoriented and confused; needed help in her business transactions and gradually deteriorated physically and mentally until her death. Such was the testimony offered in support of the caveat. No challenge is made of Mrs. Sebben’s mental capacity in June 1958.
In Davis v. Davis, 64 Colo. 62; 170 Pac. 208, it was held that where there is any substantial evidence tending to establish the facts necessary to make out a prima facie case, the contestants are entitled to have the case submitted to the jury for determination on the merits. The same rule is announced in Huber v. Boyle, 98 Colo. 360, 56 P. (2d) 1333; Ofstad v. Sarconi, 126 Colo. 565, 252 P. (2d) 94.
In considering this class of cases by courts of review, there are certain well established rules to be observed. The law recognizes the difficulty if not the impossibility of establishing mental incapacity by direct or positive evidence such as is required to establish a tangible physical fact, and that the only positive and affirmative proof to be expected or required is of facts and circumstances from which mental incapacity may reasonably be inferred.
In determining whether a will contest should be submitted to the jury, every favorable inference fairly deducible, and every favorable presumption fairly arising from the evidence produced, must be considered as facts proved in favor of contestants. If the evidence is fairly susceptible of two constructions, or if either or *16 several inferences may reasonably be made, the court must take the view most favorable to the contestants.
The same degree of mental capacity is required for the revocation of a will as is necessary for its execution. Further, the presumption of revocation which arises from the unavailability of a will “may be rebutted by proof of the circumstances of the testator or of his relation to persons involved, * * * or by evidence showing existence of the will at a time when the testator was incapable of revoking it, as by evidence that the testator was mentally incapacitated to revoke it * * 95 C.J.S. 286, §385.
In re Porter’s Estate, Swarner v. McIntyre, 125 Colo. 16, 240 P. (2d) 516, holds that courts are not concerned with the credibility of the evidence offered by contestants. “That consideration was the jurors’ responsibility, * *
Here the testimony adduced by caveatrix shows that the first will was in existence at a time when according to the testimony of witnesses the testatrix was mentally incapable of revoking it. See 95 C.J.S. Wills, §385, p. 286. This presented an issue to be determined by the jury as to whether testatrix was mentally competent to execute the 1960 will with the necessary animus revocandi.
In the ex parte hearing which followed the dismissal of Mrs. Sporer’s caveat, the trial court found that decedent on August 25, 1959, executed another will which revoked the June 12, 1958, will. There is nothing in the transcript which shows any such fact and the pleadings make no mention of such a will. The entire case proceeded on the evidence that the June 1958 will was in existence and in possession of testatrix as late as the middle of December 1959, when she was removed to a rest home by Mrs. Hamlin and one of her attorneys. There is positive evidence that the June 1958 will was in a box which either the lawyer or Mrs. Hamlin, or both of them, took to the rest home to which they had removed Mrs. Sebben in December 1959.
*17 The trial court, in assuming to weigh the evidence adduced in support of the caveat and to determine what was and what was not credible evidence, invaded the province of the jury. This was error.
This being a trial de novo in the district court, the order of proof should have been the same as that in the county court, the burden being upon the proponent to go forward. Why the normal procedure was not followed in the present case does not appear from the record.
Finally, under the circumstances shown, Exhibit 1, the carbon copy of the 1958 will was admissible in evidence.
There being evidence before the court which entitled the caveatrix to have the issues submitted to the jury for determination, the judgments are reversed and the cause remanded with directions to grant a new trial to be conducted in harmony with this opinion.
Mr. Justice McWilliams and Mr. Justice Pringle concur.